## Abraham Hirschberg v. Charles E. Johnston.

1. INSTRUCTIONS—*Containing Abstract Propositions of Law, Where Error to Give.*—In cases where the result depends particularly upon the application of the rules of law to the testimony, it is error to give instructions containing abstract propositions of law without stating an application to the facts of the case.

2. SAME—*Must be Based upon the Evidence.*—An instruction which is not based upon evidence in the case, is erroneous.

Trespass, for taking goods.  Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding.  Heard in this court at the May term, 1897.  Reversed and remanded.  Opinion filed September 20, 1897.

ISAAC C. EDWARDS and ISAAC J. LEVINSON, attorneys for appellant.

An instruction which is not based on the evidence in the case is improper, and should not be given.  It is liable to mislead the jury, and usually results in a wrong verdict. Rosenkrans et al. v. Barker, 115 Ill. 331; St. Louis, V. & T. H. R. R. Co. v. Hurst, 25 Ill. App. 181; Johnson v. Johnson, 114 Ill. 614; Sanders v. The People, 124 Ill. 221; Belk et al. v. The People, 125 Ill. 584.

H. C. FULLER and JOSEPH WILHELM, attorneys for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

Appellant bought certain tobacco from one Isaac D. Hurwitz, and paid therefor, and took the tobacco into his actual possession, removing most of it to a room rented by appellant for the purpose of a cigar factory, a long distance from the place of business of Hurwitz.  He stored two bales of the tobacco in another story of the building Hurwitz occupied, making arrangements for said storage with Cohen, the owner of the building.  Hurwitz had no interest in the story where these two bales were deposited.  Appellant paid Hurwitz, for the tobacco, $800 in a check on a deposit he had just made in a bank, and gave his note for $337.51, due in thirty days, for the balance.  Hurwitz indorsed the note and delivered it to Cohen as collateral security for a debt he owed him, and Cohen collected the note in full from appellant.  Appellant hired two cigar-makers and began making cigars in a small way in the room to which he had removed the tobacco.  Gans Brothers & Rosenthal, thirteen days after the sale and delivery of the tobacco to

appellant, sued out an attachment against Hurwitz, and the sheriff seized these goods thereunder. Appellant sued the sheriff in trespass for said seizure. Issues were joined and there was a verdict and judgment for defendant, and appellant appeals to this court therefrom.

The claim of appellee that these goods were still the property of Hurwitz, or that this transfer to appellant was fraudulent as to creditors, is based upon proof that Hurwitz and appellant were brothers-in-law, and lived in the same house; that these goods had lately been bought by Hurwitz and were not paid for; that appellant had for years been working for small wages, only sufficient to pay for his board and clothing; that the room he rented was not sufficient for a large factory; that he had made but few cigars, scarcely more than one day's full work, before the seizure of the goods, and other like circumstances. On the other hand, appellant introduced proof that before this purchase he had shown a roll of money to a friend; that he had several times loaned that friend money; and he stated at length facts which, if true, would make him a *bona fide* purchaser of the tobacco. Under these circumstances it was important the jury should be correctly instructed as to the law governing the case. The instructions given for appellee were nearly all abstract propositions of law, and should not have been given without an application to the facts of this case, and in our opinion tended to prejudice the jury against appellant. Instructions numbered five and six given for appellee were clearly erroneous. They were as to the effect of, and inferences to be drawn from, the continued possession of personal property by a vendor as ostensible owner, after an absolute sale, and that such retention of possession is fraudulent as to creditors of the vendor. We find no evidence in the abstract even hinting at a retention of possession by Hurwitz after the sale. The evidence as abstracted shows a complete transfer of possession. These instructions therefore were not based upon any evidence, and were calculated to lead the jury to understand that in the opinion of the court there was evidence of such

fraudulent retention of possession by Hurwitz. As the case must be submitted to another jury, we forbear to comment upon the evidence. For the errors above indicated, the judgment will be reversed and the cause remanded.